# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.                                        ORDER OF DETENTION PENDING TRIAL

__Rozelle White__

Case Number: __12-20365__

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
 ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
 ☐ an offense for which the maximum sentence is life imprisonment or death.
 ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
 ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
 ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
 ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__6/11/12__
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ROZELLE WHITE 12-20365                                              PAGE 2

This is a presumption case. Defendant is charged by way of indictment with Conspiracy to Possess With Intent to Distribute and to Distribute Heroin and Cocaine Base, and Possession With Intent to Distribute Cocaine Base.

Defendant is a 36 year old single male with three children. He has been living with his girlfriend since his release from prison in May 2010. He has been unemployed since May 2011 and has no financial assets or liabilities and is supported by his girlfriend.

Defendant's criminal record is significant in that he has five felony convictions, four of them drug related and all for delivery. He has performed poorly under supervision. By way of example, in April 1994 Defendant plead guilty to Felony Controlled Substance and was sentenced to five years probation. On May 25, 1994 he plead guilty to probation violation and was sentenced to six months jail time with probation continued. On 12/21/94 a warrant was signed for a second probation violation. On May 2, 1996 probations was closed without improvement because he was incarcerated on a separate offense.

Similarly in December 1994 Defendant was found guilty of Attempt-Felony Controlled Substance Delivery/Manufacture (Cocaine, Heroin) and sentenced to 1.5 - 5 ears confinement. While incarcerated he received two major misdemeanors and was paroled on 6/26/97. On July 24, 1998 he violated his parole by committing a new felony offense. Parole was reinstated.

Defendant violated his parole after being convicted of Felony Controlled Substance-Delivery Manufacture (Cocaine, Heroin) on May 10, 2004. W warrant issued on 10/20/2004 for probation violation (absconding from inpatient treatment). Defendant pled guilty to the probation violation and probation was closed without improvement (again) and he was sentenced to 60 days jail.

Defendant admits to daily use of marijuana which he started using at age 13. He also has a history of cocaine abuse but he denies using alcohol. He has been treated as an inpatient for drug abuse but could not remember the details. It was during his inpatient treatment that he absconded (see above) and was violated in October, 2004.

Defendant has 7 failures to appear on outstanding warrants. He has a long history of noncompliance while under supervision, including absconding and violating his terms of probation and parole, and he has a history of substance abuse.

This Court finds by a preponderance of the evidence that Defendant poses a risk of non-appearance for the reasons stated above. The record shows that Defendant also poses a danger to the community by clear and convincing evidence. He has five felony convictions, four of which are drug related offenses. In addition, he has a history of committing new offenses while under community supervision.

USA V ROZELLE WHITE 12-20365                                                                PAGE 3

Defendant has failed to rebut the presumption of detention.

There is no condition, or combination of conditions, which would assure this Defendant's appearance at trial or the safety of the community.

**Therefore Detention is Ordered.**